**23SL-CC03724**

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| Daniel Human, individually and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. |
| | ) | |
| Broker Solutions, Inc. d/b/a | ) | Complaint Class Action |
| New America Funding | ) | Jury Trial Demanded |
| 221 Bolivar Street | ) | |
| Jefferson City, Mo. 65101, and | ) | |
| | ) | |
| Telemarketers John/Jane "Doe" 1-7 | ) | |
| Broker Solutions, Inc. d/b/a | ) | |
| New America Funding | ) | |
| 14511 Myford Rd. Ste. 100 | ) | |
| Tustin, CA 92780; and | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT CLASS ACTION**

Plaintiff, Daniel Human, appearing both individually and on behalf of all others similarly situated, by and through his attorney, brings this class action against Broker Solutions, Inc., d/b/a New America Funding ("BS/NAF") and John and Jane Does ("Does") 1 through 7, telemarketers for BS/NAF based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

**Nature of the Action**

1.     This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

2.      This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,*132 S. Ct. 740, 745 (2012).

3.      Defendant Broker Solutions, Inc. d/b/a New American Funding, LLC ("BS/NAF"), is a California telemarketing company that specializes in lead generation and pass-through direct calling and lead conversion by and through the use of automatic telephone dialing systems and robocalls.

4.      Defendant BS/NAF by and through their employees, telemarketers, and agents, Defendants John and Jane Doe 1 through 7, use automated systems, auto dialers, and predictive dialers supplied by Defendant's BS/NAF to make outbound telemarketing calls to hundreds if not thousands of consumers across U.S., including to persons listed on federal and state no call lists without their express written consent, for the purpose of soliciting consumers for BS/NAF.

5.      By doing so, Defendant's BS/NAF and Does have violated the provisions of the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076 and the TCPA when it contacted restricted numbers on the Missouri and National Do Not Call Registry without their express written consent and have caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their private residential phones.

6.      The Plaintiff Daniel Human alleges and avers that Defendant's BS/NAF and Does 1-7 and their agents, employees and/or vendors in Missouri enticed, condoned, approved, and ratified, or had the right to do so, made unsolicited telemarketing calls to his residential

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

telephone number that he personally listed on the National and Missouri Do Not Call registries on June 29, 2022.

7.     Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other people who received similar calls.

8.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

9.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

II. Parties

10.     Plaintiff Daniel Human (hereinafter referred to as "Plaintiff," "Daniel," or "Mr. Human") is an individual residing in this District.

11.     Defendant, Broker Solutions, Incorporated, is *inter alia*, a California marketing company specializing in lead generation and pass-through direct calling by and through the use of ATDS, predictive dialers and robocalls, with its principal offices located at 14511 Myford Rd. Ste. 100, Tustin, CA 92780 and is also listed as a foreign company in the State of Missouri, and is personally and directly responsible, in concert with its corporate officers, agents, affiliates, and partners, for promulgating policies and procedures which encourage, entice,  condone and ratify, calls to and from this District to numbers on the Missouri  and Federal no call lists, just as it did with the Plaintiff.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

12.     Defendants, John/Jane Does 1-7 are unknown telemarketers for BS/NAF, with its principal place of business at 14511 Myford Rd., Ste. 100, Tustin, CA 92780, and are also Missouri residents and are personally and directly responsible for making illegal telemarketing calls from this District and to this District on behalf of Defendant BS/NAF to phone numbers registered on the Federal and Missouri State do not call registry, just as it did with the Plaintiff.

**<u>Jurisdiction and Venue</u>**

13.     This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo.  For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has subject matter jurisdiction under 47 U.S.C. § 227.

14.     This Court has personal jurisdiction over Defendant's BS/NAF and the John and Jane Doe Defendants because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendant's BS/NAF which encourage, entice, condone, and ratify illegal telemarketing calls into this District to persons on the no call lists. Moreover, the Defendants have sufficient minimum contacts with the State of Missouri and this District in that they transact business in Missouri, profit personally from Defendant BS/NAF's sales made in Missouri, they send their products to Missouri and advertise in Missouri; they are a registered foreign company in Missouri, the tortious acts complained of occurred in Missouri to a Missouri resident, thereby  subjecting them to Missouri's long arm statute, Section 506.500.1. See *UMB Bank, N.A. v. Kraft CPAs, PLLC*, 2023 WL 3666879 (U.S. Dist. Ct, W.D. Mo. May 25, 2023); *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).14.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

15.    Venue is proper in because all calls were made into this Circuit Court's jurisdiction and concurrently with 28 U.S.C 1391(b) because the calls at issue were made into this District and/or from this District.

III.    Factual Allegations

16.    Defendant BS/NAF are lead generation companies that gather and sell insurance leads, participate in click through marketings, and sell and broker insurance policies, which indemnify policy holders for incidents such as car accidents, natural disasters, as well as target, market and sell supplement insurance policies to elderly senior citizens on Medicare.

17.    To generate leads, BS/NAF employs one another and other lead and marketing partners, then hides behind a labyrinth of telemarketing companies, their affiliated companies, and each of their agents and vendors which operate under fictitious names, dissolved names, merged names, and a web of deceptive names, d/b/a's, deceptive practices, websites and other mass telephone marketing strategies to secrete, insulate, and conjure a deceptive marketing scheme which provides a nearly impenetrable web of shell companies in order to achieve, on its face, what appears as plausible deniability for their illegal actions, which includes directly and indirectly Defendant BS/NAF and its employees and/or agents, to order to make unlawful random and robocall generated telemarketing calls to consumers on the Missouri and federal do not call registry who have never had a relationship with, and who never consented to receive their calls.

18.    While exhausting a lead or having no success converting a lead into sales, Defendant BS/NAF then passes the lead off to one another or sells the exhausted and unscrubbed lead to a competitor for second, third, fourth, and even fifth attempts for lead conversion.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

19.     These tactics can cause a single consumer to receive hundreds of calls collectively from Defendants, BS/NAF even though the person is on the do not call registries and did not provide express written consent for the call.

20.     Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

21.     Plaintiffs telephone number (the "Number"), 314-915-XXXX, is on the National Do Not Call Registry and Missouri Do Not Call registry and has been continuously since Mr. Human personally registered the numbers in June 2022.

22.     Despite this, Defendant's BS/NAF and John/Jane Does 1-7 and its employees and/or agents, all approved, ratified and sanctioned by Defendants, BS/NAF and Does 1-7 placed more than twelve (12) calls to Mr. Human beginning on January 9, 2023, when two (2) calls were made from a telephone number registered in Missouri and one telemarketer identified themselves as *India*, who solicited Mr. Human to purchase an Insurance Policy.

23.     The Plaintiff did not answer the first telemarketing call, and the caller left a message that they were agents of New American Funding, which is an unregistered fictitious name or d/b/a utilized by Broker Solutions, Inc.

24.     Despite that, and the fact that he was on the Missouri and National Do Not Call Registry, Defendants, BS/NAF, and Does 1-7, and its employees and/or agents, made another series of illegal telemarketing calls to the Plaintiff hours/days later. During the calls the unknown telemarketer solicited Mr. Human to purchase an insurance policy.

The calls are detailed as follows:

| | | | |
|---|---|---|---|
| a. | 1/9/23 | 1:52 PM (India) | 314-697-2633 |
| b. | 1/9/23 | 2:37 pm (India) | 314-697-2633 |
| c. | 1/10/23 | 8:41 am (Stacy) | 314-697-2633 |

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

| d. | 1/10/23 | 10:17 am (Searle) | 314-697-2633 |
| e. | 1/10/23 | 11:48 am (Courtney) | 314-697-2633 |
| f. | 1/10/23 | 2:43 pm (Brian) | 314-697-2633 |
| g. | 1/10/23 | 5:41 pm (May) | 314-697-2633 |
| h. | 1/10/23 | 7:55 pm (Chad) | 314-697-2633 |
| i. | 1/11/23 | 12:00 (robo call) | 314-697-2633 |
| j. | 1/11/23 | 12:52 pm (Chad) | 314-697-2633 |
| k. | 1/12/23 | 5:16 pm (Lawrence) | 314-697-2633 |
| l. | 1/12/23 | 12:55 pm (Chad) | 314-697-2633 |

25.    Defendant's BS/NAF and Does 1-7 and its employees and/or agents persistently solicited Mr. Human to purchase insurance policies, though he is registered on the Missouri and Federal No Call registries without Mr. Human's express written consent.

26.    Defendants BS/BAF and Does 1-7, and its employees and/or agents made, and continue to make, these illegal telemarketing calls to individuals throughout the United States without their prior written express consent to do so, and mislead consumers about their identity while so doing.

27.    During all of these calls, there was a significant pause and click before Defendants' representative started speaking, which is a telltale sign that Defendants used a predictive dialer to make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014,

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs

_public/attach match/FCC-03-153A1.pdf ("*2003 Report and Order*").

28.    The Defendants placed most, if not all calls alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff and Class members' cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

29.    None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

30.    Plaintiffs' privacy and right to seclusion has been violated by the above-described telemarketing calls.

31.    The Plaintiff never provided his written consent or requested these calls.

32.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed.

33.    In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, caused wear and tear on the phones, degradation to his battery life, and caused him to incur fees from his telephone provider.

**THE MISSOURI TELEMARKETING LAW**

34.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    <u>Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;</u>

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

35.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

36.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2), and Plaintiff is a residential subscriber.

37.    A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

38.    Defendant's calls and/or texts to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

forced Plaintiff to listen to their unsolicited telemarketing calls in violation of State and Federal Law.

39.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

40.    Defendants' actions prevented the Plaintiff's telephone from being used for other legitimate purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

41.    In each of the illegal calls alleged supra, Defendant's BS/NAF and Does 1-7 and its employees and/or agents and its employees, vendors and other unknown telemarketers on their behalf, caused Plaintiff's phone to ring and engaged him repeatedly and continuously in conversations and telemarketing solicitations which he found to be abusive, annoying and harassing, and interrupted in right to seclusion and privacy.

42.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

## Class Action Allegations

43.    Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, as authorized by Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b) (2 and (b)(3), on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service using any automatic telephone dialing

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

system, predictive dialing system, or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express written consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class")**:
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants in the course of their debt collection services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that engaged services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her since May 2, 2019.

This is referred to as the "Classes".

44.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

45.     The Class as defined above are identifiable through phone records and phone number databases.

46.     The potential members of the Class number at least in the thousands.

47.     Individual joinder of these persons is impracticable.

48.     Plaintiff is a member of the Class.

49.     There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

a.     Whether Defendants used an "automatic telephone dialing system" or

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

"artificial or prerecorded voice" calls as such terms are defined or

understood under the MDNC, TCPA and applicable FCC regulations and orders;

      b.      Whether each of the Defendants or their vendors and agents had prior

express written consent to call MDNC and FDNC Class members;

      c.      Whether Defendants systematically made telephone calls to members of

the DNC and MDNC Classes whose telephone numbers were registered with the state

and national Do-Not-Call registries;

      d.      Whether Defendants systematically made telephone calls to members of

the DNC Classes where Defendants did not have a current record of express written

consent to make such telephone calls;

      e.      Whether Plaintiff and Class Members are entitled to damages, including

whether Defendants' violations were performed willfully or knowingly

such that Plaintiff and Class Members are entitled to treble damages; and

      f.      Whether the Defendant's were using spoofing technology to interfere with

Plaintiff's ability to utilize his caller ID to determine the validity of the call.

      g.      whether the Defendant's illegal telemarketing calls caused wear and tear

on his phone equipment, caused degradation to his phone battery life, and made him incur

phone provider fees.

      h.      Whether members of the Class are entitled to treble damages based on the

willfulness of Defendants conduct.

      i.      Whether Plaintiff and Class Members are entitled to injunctive relief for

violations of their privacy and attorney's fees and costs.

50.      The Plaintiffs' claims are typical of the claims of members of the Class.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

51.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he and he has hired counsel skilled in class action litigation, including TCPA class actions.

52.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, and sub-contractors.

53.    Injunctive Relief is Appropriate: Based on information and belief, Defendants BS/NAF and Doe's 1 through 7, and their other agents, employees and/or vendors continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

54.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT I**
**Violations of the MDNC Against All Defendants**
**by Plaintiff Individually and on Behalf of the MDNC Class**

55.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 54 as though set forth herein.

56.    Plaintiff brings this claim individually and on behalf of the Missouri No Call and Anti Telemarketing Class Members ("MDNC") against Defendants.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

57.     The Defendants acts and omissions of making twelve or more calls to Plaintiffs private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the subscriber's objection to receiving telephone solicitations.

58.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of *encouraging* the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

59.     Defendant's BS/NAF and the Doe's failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls.

60.     In violation of the MDNC, Defendant's BS/NAF and the Does made and/or knowingly allowed unsolicited telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls.

61.     Defendants made and/or knowingly allowed the telephonic calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

62.     As a result of Defendant's conduct, and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each specific violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

*WHEREFORE*, Plaintiff Human and all members of the MDNC class prays for judgment against Defendant's BS/NAF and the Doe's 1 through 7, for $5,000.00 per violation, and for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

### Count II
**Violation of the TCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the Robocall and ATDS Classes**

63.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 62 as if fully set forth herein.

64.    The foregoing acts and omissions of Defendant's  BS/NAF and Does 1-7 and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf, by and through the aid and assistance of the robo-call and ATDS dialing systems constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

65.    Defendant's BS/NAF and Does 1-7 and its employees and/or agents their agents, vendors and other unknown telemarketers' violations were negligent, willful, or knowing.

66.    As a result, Defendant's BS/NAF and Does 1-7 and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf, by and through the aid and assistance of the robo-call and ATDS dialing systems violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for every call made, and treble damages of $1,500.00 per call.

67.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

Defendants behalf from making telemarketing calls to numbers on the National Do Not Call

Registry, except for emergency purposes, in the future.

<b>Prayer for Relief</b>

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated,

seeks judgment against Defendant's BS/NAF and the Doe's and their employees and/or agents as

follows:

a.      Certification of the proposed Class and appointment of the Plaintiff as a

representative of the Class.

b.      For an award of statutory damages for Plaintiff and each member of the Classes;

c.      For an order declaring that the Defendant's conduct violates the statutes

referenced herein;

d.      For an order finding in favor of Plaintiff and the Classes on all Counts asserted

herein;

e.      For prejudgment interest on all amounts awarded;

f.      For an order of restitution and all other forms of equitable monetary relief;

g.      For injunctive relief as pleaded or as the Court may deem proper; and

h.      Orders granting such other and further relief as the Court deems just, proper, and

equitable in the circumstances.

<b><u>COUNT III</u></b>

<b>Violations of the TCPA Against All Defendants<br>by Plaintiff Individually and on Behalf of the DNC Class</b>

68.      Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 67

as though set forth fully herein. Plaintiff asserts this claim on behalf of himself and

members of the Do Not Call Registry Class.

16

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

69.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

70.     The foregoing acts and omissions of Defendant's BS/NAF and Does 1 through 7 and/or other persons or entities acting on Defendants behalf by calling and texting the Plaintiff's residential cell phone twelve (12) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the class without their express written permission and despite their numbers being on the National Do Not Call Registry.

71.     Defendant's BS/NAF and Does 1 through 7 violations were negligent, willful, or knowing.

72.     As a result of Defendant's BS/NAF and Does 1 through 7 violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each call made.

73.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant's BS/NAF and Does 1 through 7 from making like calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's BS/NAF and Does 1 through 7 as follows:

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

a.      For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

b.      For an award of statutory damages for Plaintiff and each member of the Classes;

c.      For an order declaring that the Defendant's conduct violates the statutes referenced herein;

d.      For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

e.       For prejudgment interest on all amounts awarded;

f.      For an order of restitution and all other forms of equitable monetary relief;

g.      For injunctive relief as pleaded or as the Court may deem proper; and

h.      Such further and other relief as the Court deems necessary

## COUNT IV
## Defendants' Direct or Vicarious Liability

*COMES NOW*, Plaintiff and for his fourth cause of action against Defendant's BS/NAF and Does 1-7 and their agents, employees and/or vendors and other unknown telemarketers on their behalf, states:

74.      Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs 1 through 73 as though fully set forth herein.

75.      For 25 years now, the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

76.     In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

77.     The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were ***judgment proof, unidentifiable, or located outside the United States, as is often the case.*** Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

78.     The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

79.     A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's BS/NAF and Does 1-7 so they could all profit from a common enterprise in which they all substantially participated.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

80.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

81.    Defendant's BS/NAF and Does 1-7 and their agents, employees and/or vendors, are directly liable and responsible for the phone calls at issue because the Doe's actually made or initiated the calls to Plaintiffs or they substantially participated, and provided support and assistance to the Doe Defendant's to cause the illegal calls to be made on their behalf and promulgated the policy and ratified making the calls to persons on the no call list without their express written consent.

82.    Defendant's BS/NAF and Does 1-7 and their agents, employees and/or vendors, agents, employees and/or vendors, are vicariously liable for the calls complained of by Plaintiff herein because they:

a)    authorized or caused John and Jane Does 1 through 7 to initiate the phone calls or initiated the calls and texts themselves;

b)    directly or indirectly controlled the persons who actually made or initiated the calls;

c)    allowed the telemarketers and agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their insurance using robocalling atds, texting, and direct dialing;

d)    allowed the telemarketers and agents to enter or provide consumer information into Defendants' sales or operational systems;

e)    approved, wrote, reviewed, or participated in developing the telemarketing sales

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

scripts;

f)      Defendant's BS/NAF and Does 1-7 and their agents, employees and/or vendors, knew or reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; or

g)      Defendant's BS/NAF gave substantial assistance or support to John and Jane Does and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact the Does were engaged in acts or practices that violated the TCPA, and MDNC and ratified each of the illegal calls.

83.     Defendant's BS/NAF and Does 1-7 and their agents, employees and/or vendors, engage in the autodialing, direct dialing, texting and robocalling at issue herein because after Plaintiff patiently listened to the scripted sales pitch the Defendants all profited from each and every sale thereby ratifying their illegal practice.

84.     Defendant's BS/NAF ratified the robocalls to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

85.     As a direct and proximate result of the more than 12 illegal solicitation calls by the above Defendants, Plaintiff suffered the gross and concrete violation of his rights to privacy, solace and seclusion as set forth above, as well as monetary loss in phone provider service fees, wear and tear on his phone equipment, and the degradation of his battery life.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 12:59 PM

*WHEREFORE*, Plaintiff prays for entry of judgment against Defendants BS/NAF for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff requests an award of his attorney fees and costs and prays for such other and further relief as the court finds proper.

Respectfully submitted,

/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

Certificate of Service

I hereby certify that the above and foregoing Answer was served electronically this 1st day of September, 2023, on all Attorneys of record via ECF/CM filing and notification system. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

/s/Edwin V. Butler
Edwin V. Butler